**AFFIDAVIT**  1:20MJ2003

Your Affiant, Keith A. Lewis, deposes and states:

1. Your Affiant is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), United States Department of Justice, and has been so employed since March 2014.  Prior to becoming a Special Agent with ATF, your Affiant was an Officer with the United States Secret Service from December 2010 through March 2014. Your Affiant has completed the Uniformed Police Training Program, the Federal Criminal Investigator Training Program and the ATF Special Agent Basic Training at the Federal Law Enforcement Training Center in Glynco, Georgia. Your Affiant has also completed the United States Secret Service Officer Basic Training Course in Beltsville, Maryland. In addition to the firearms, arson, and explosives related training received in these courses, your Affiant has also conducted and participated in numerous investigations involving firearms, firearms trafficking, and narcotics.

**PROBABLE CAUSE**

**A. Identification of Hendri HOPKINS JR a.k.a. "Black"**

2. This affidavit is being submitted for the limited purpose of establishing probable cause that Hendri Hopkins, Jr., violated Title 21 U.S.C. Section 841(a)(1) and (b)(1)(B) [distribution of controlled substances]. This affidavit does not include every fact known to me regarding this investigation, but will seek to summarize relevant information.

3. During the month of November 2019, an ATF Confidential Informant (CI) provided your Affiant with information regarding a heroin/fentanyl trafficker using the alias "Black".

4. The CI described "Black" as a black male, with long black dreadlocks who is known to drive a blue Mazda sedan. The CI provided a phone number of (216) 331-9668 for "Black".

5. During the month of November 2019, the CI placed a recorded phone call to "Black" at (216) 331-9668 in an effort to introduce "Black" to an ATF Special Agent (S/A) acting in an undercover capacity.

6. During the month of November 2019, ATF Special Agents observed the male suspected to be "Black" operating a black Audi A4 bearing Ohio license plate H154789.

7. Research into the aforementioned vehicle utilizing various law enforcement databases, along with physical surveillance by law enforcement, and the CI's physical description of "Black", allowed law enforcement to identify "Black" as Hendri HOPKINS JR.

**B.  Undercover purchase of narcotics from Hendri HOPKINS JR – December 10, 2019**

8. On December 10, 2019, an ATF S/A, acting in an undercover (UC) capacity, purchased approximately fifteen (15) grams gross weight of suspected heroin/fentanyl analogue from Hendri HOPKINS JR.

9. On December 10, 2019, an ATF UC placed a phone call to HOPKINS (216) 331-9668. The phone number was previously provided to the ATF UC by HOPKINS. The call was audio recorded in its entirety. During the conversation, the ATF UC and HOPKINS agreed to meet later in the day in order for the ATF UC to purchase fourteen (14) grams of heroin/fentanyl analogue from HOPKINS. HOPKINS informed the ATF UC the cost of the narcotics would be $900.00 to which the ATF UC agreed. HOPKINS also informed the ATF UC he would possibly have a .22 caliber handgun to sell the ATF UC for

approximately $200.00. HOPKINS instructed the ATF UC to call him when the ATF UC was ready to conduct the transaction.

10. Later on the same day, the ATF UC placed another recorded phone call to HOPKINS letting HOPKINS know the ATF UC was ready to conduct the transaction. HOPKINS directed the ATF UC to meet him at the "7/11" convenience store located at 2865 Bishop Road, Willoughby Hills, Ohio. The ATF UC agreed.

11. A short time later, HOPKINS called the ATF UC and directed the ATF UC to the "CVS" store at 28700 Chardon Road, Willoughby Hills, Ohio (across the street from the "7/11"). After the ATF UC arrived at the "CVS", the ATF UC received another telephone call from HOPKINS. HOPKINS stated he observed law enforcement in the area, and directed the ATF UC to the Marcella Arms Apartments located at 27028 Chardon Road, Richmond Heights, Ohio. The ATF UC's vehicle was equipped with video and audio recording.

12. The ATF UC arrived at the Marcella Arms Apartments and observed HOPKINS in the area on foot. HOPKINS approached the ATF UC's vehicle and entered the vehicle. HOPKINS requested the ATF UC to take him to the aforementioned "CVS" store so HOPKINS could pick up his prescription. The ATF UC agreed.

13. HOPKINS went into the "CVS" for a short time and then returned to the ATF UC's vehicle. HOPKINS and the ATF UC departed the "CVS" and drove to the Willoughby Hills Towers (a suspected residence of HOPKINS) located at 27400 Chardon Road, Willoughby Hills, Ohio. Once in the parking lot of the Willoughby Hills Towers, HOPKINS removed the suspected narcotics from his pants pocket and placed it on a digital scale. HOPKINS informed the ATF UC he would only need $800.00 for the narcotics. The ATF UC handed

HOPKINS the $800.00 in previously recorded government funds in exchange for the narcotics. The narcotics purchased from HOPKINS, in its packaging, was weighed to be approximately fifteen (15) grams.

14. Your affiant submitted the suspected narcotics purchased from HOPKINS to the Cuyahoga County Regional Forensic Science Laboratory for testing and analysis. The results of the analysis found 13.43 grams of "blue green compressed powder and small particles" to be Heroin at a coverage probability of 95.45%. The results also found 0.50 grams of "pink and blue green compressed powder and small particles" to be Heroin and Carfentanil at a coverage probability of 95.45%.

C. Undercover purchase of narcotics from Hendri HOPKINS JR – December 19, 2019

15. On December 19, 2019, an ATF UC purchased approximately 23.7 grams gross weights of suspected heroin/fentanyl analogue from HOPKINS.

16. On the same date, the ATF UC placed a recorded telephone call to HOPKINS requesting fourteen (14) grams of heroin/fentanyl analogue. HOPKINS confirmed and instructed the ATF UC to let HOPKINS know when the ATF UC was ready to conduct the transaction.

17. Later that day, the ATF UC placed another recorded telephone call to HOPKINS. HOPKINS informed the ATF UC the price for fourteen (14) grams would be $750.00 HOPKINS directed the ATF UC to meet him at the "Walgreen's" located at 20485 Euclid Avenue, Euclid, Ohio. The ATF UC arrived at the "Walgreen's" and waited for HOPKINS to arrive. HOPKINS asked the ATF UC to meet on a "side street" near the "Walgreen's" to which the ATF UC declined.

18. HOPKINS arrived to the "Walgreen's" in a dark colored Chevrolet Equinox bearing Ohio license plate HRL7919 in the company of an unknown male. HOPKINS departed the vehicle and got into the passenger seat of the ATF UC's vehicle. The ATF UC vehicle was equipped with audio and video recording.

19. HOPKINS became irritated with the ATF UC for declining to meet on a "side street". HOPKINS stated to the ATF UC "I sell dope bro, like I know this area. Like, this spot right here? This Walgreens is a hot spot…I'm the one selling you the dope. I'm the one taking the risk."

20. HOPKINS requested some type of card from the ATF UC for HOPKINS to "scoop the dope out". The ATF UC provided HOPKINS an empty "Rolaids" pack. HOPKINS placed an empty plastic bag on a digital scale provided by the ATF UC and "scooped" the narcotics into the empty plastic bag until it reached fourteen (14) grams. HOPKINS requested $800.00 for the initial fourteen (14) grams. HOPKINS was in possession of more narcotics than the ATF UC requested, so the ATF UC requested to purchase the remaining narcotics HOPKINS had. HOPKINS provided the remaining narcotics he had, in a separate plastic bag, and requested $450.00 more for the remaining narcotics. The remaining narcotics weights approximately 9.7 grams for a total of 23.7 grams.  The ATF UC provided HOPKINS with a total of $1250.00 in previously recorded government funds for the narcotics.

21. HOPKINS informed the ATF UC he did not have a firearm for the ATF UC to purchase because the firearm was at HOPKINS' "girl's" house. HOPKINS removed a firearm from his waistband to show the ATF UC and stated he was considering selling it. HOPKINS

informed the ATF UC the firearm was a "Glock 19, Gen 5". HOPKINS stated the firearm cost $500.00 but declined to sell the firearm to the ATF UC.

22. HOPKINS exited the ATF UC's vehicle and returned to the vehicle he arrived in, and departed the area.

23. The narcotics purchased from HOPKINS, in its packaging, was weighed to be approximately 23.7 grams.

24. ATF S/A Janna Penfield submitted the suspected narcotics purchased from HOPKINS to the Cuyahoga County Regional Forensic Science Laboratory for testing and analysis. The results of the analysis found 14.08 grams of "pale orange compressed powder and small particles" to be Heroin, Fentanyl and Carfentanil at a coverage probability of 95.45%. The results also found 7.35 grams of "pale orange compressed powder and small particles" to be Heroin, Fentanyl and Carfentanil at a coverage probability of 95.45%.

25. The ATF UC reviewed driver's license photographs of HOPKINS provided by the Ohio Bureau of Motor Vehicles via the law enforcement database Ohio Law Enforcement Gateway (OHLEG). The ATF UC confirmed the photographs of HOPKINS to be the same male known as "Black" whom the ATF UC conducted purchases of narcotics from on December 10, 2019, and December 19, 2019.

### D. Conclusion

26. Based upon the above listed facts and circumstances, your Affiant believes and asserts that there is probable cause to believe on December 19, 2019, Hopkins did possess with the intent to distribute an a substance containing fentanyl analogue in excess of ten (10) grams in violation of Title 21, U.S.C., Section 841 (a)(1) and (b)(1)(B).

27. The above violation was committed in the Norther District of Ohio, Eastern Division.

Your Affiant requests that an arrest warrant be issued for Hendri HOPKINS JR.

_____
Keith Lewis, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to via telephone after submission by reliable electronic means. Fed. R. Crim. P. 3, 4(d), and 4.1, on this  27th, day of January, 2020.



_____
Honorable David A. Ruiz
United States Magistrate Judge
Northern District of Ohio
Eastern Division